```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
HINA RIZVI, HINA RIZVI on behalf of M.K., an infant,      AMENDED COMPLAINT
NIMRA KHAWAJA, and MARYAM KHAWAJA,                        AND DEMAND FOR
                                                          JURY TRIAL
                            Plaintiffs,
                                                          15 CV 1900   (ARR)(RML)
            -against-
                                                          ECF CASE
THE CITY OF NEW YORK, NEW YORK CITY POLICE
OFFICER BRIAN POST, Shield No. 20009, NEW YORK
CITY POLICE OFFICER ROBERT O'NEIL, Shield No. 19357,
NEW YORK CITY POLICE OFFICER DETECTIVE DANIEL
COLON, Shield No. 6691, NEW YORK CITY POLICE OFFICER
JOHN DOE (1-5), Each Defendant in his individual capacity,

                            Defendants.
-------------------------------------------------------------------------------X
```

## INTRODUCTION

1. This is a civil rights action in which the plaintiffs, HINA RIZVI, HINA RIZVI on behalf of M.K., an infant, NIMRA KHAWAJA, MARYAM KHAWAJA, seek relief for defendants' violation of the plaintiffs' rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§1983 and 1985, and of rights secured by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

2. Plaintiffs seek damages, both compensatory and punitive, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION

3. This action is brought under 42 U.S.C. §1983 in conjunction with the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

1

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions and pursuant to 28 U.S.C. Sections 1331 and 1343, this being an action seeking redress for the violation of the plaintiffs' Constitutional and civil rights.

5. Plaintiff further invokes this Court's pendant jurisdiction over any and all state law claims and causes of action that derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action, pursuant to 28 U.S.C. 1367.

## VENUE

6. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

## JURY TRIAL DEMANDED

7. Plaintiffs demand a trial by jury on each and every one of the claims as pled herein.

## PARTIES

8. At all times relevant hereto, plaintiffs HINA RIZVI, HINA RIZVI on behalf of M.K., NIMRA KHAWAJA and MARYAM KHAWAJA, were residents of Queens, in the city and state of New York. Plaintiffs are of full age, except M.K., who is an infant.

9. At all times relevant hereto, defendant NEW YORK CITY was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the individually named and the JOHN DOE New York City police officer defendants.

10. At all times relevant hereto, defendants NEW YORK CITY POLICE OFFICER BRIAN POST, NEW YORK CITY POLICE OFFICER ROBERT O'NEIL, NEW

YORK CITY POLICE OFFICER DETECTIVE DANIEL COLON and all NYC P.O. JOHN DOES (1-5) are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York City Police Department, an agency of the City of New York. All the individually named defendants and all JOHN DOE defendants are and were at all times relevant herein acting under the direction and control of the New York City Police Department. All the individually named Defendants and all JOHN DOE defendants, whose identities are not yet known, but whose identities the plaintiffs intend to discover, are being sued in both their individual and official capacities.

## PENDANT STATE CLAIMS

11. The Plaintiffs filed a Notice of Claim on the City of New York on or about April 4, 2014, indicating their intention to sue for false arrest and false imprisonment, assault and battery, violation of civil rights, negligence in hiring and retaining, negligence in training and supervising, negligence in performance of police duties, the nature of the claim and the date thereof, the time when, the place where and the manner in which the claim arose.

12. A 50-h hearing was held on January 21, 2015 pursuant to 50(h) of the General Municipal Law for Plaintiff HINA RIZVI on behalf of M.K. and Plaintiff MARYAM KHAWAJA. A 50-h hearing was held on April 6, 2015 pursuant to 50(h) of the General Municipal Law for Plaintiff NIMRA KHAWAJA. No 50-h hearing was timely requested for Plaintiff HINA RIZVI.

13. That more than 30 days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

14. This action is commenced within one year and ninety days after the causes of action arose.

## STATEMENT OF FACTS

15. On January 5, 2014, after on or about 4:00 p.m., Plaintiffs HINA RIZVI and NIMRA KHAWAJA ran out of their apartment located in the building known as 178 Wexford Terrace, Jamaica Estates, Queens, New York.

16. HINA RIZVI had just received a telephone call from her son, MUHAMMAD ALI, telling her that he had been shot.

17. HINA RIZVI and NIMRA KHAWAJA ran down the hill towards Midland Parkway where they ultimately saw Muhammad Ali, the son of HINA RIZVI and brother of NIMRA KHAWAJA in the custody of police officers.

18. HINA RIZVI and NIMRA KHAWAJA were trying to get information from the police regarding the condition of Mr. Ali.

19. HINA RIZVI and NIMRA KHAWAJA were very upset, crying, panicking, and asking the police what happened.

20. What happened was that Muhammad Ali, who had just left their apartment to celebrate his 21st birthday – he turned 21 on the date of the incident, January 5, 2014 -- had been shot in the chest by a Nassau County Police Officer wearing plain clothes.

21. After about ten minutes from when HINA RIZVI and NIMRA KHAWAJA left their apartment, MARYAM KHAWAJA, the daughter of HINA RIZVI and sister of NIMRA KHAWAJA, came outside to look for them, telling her younger sister, M.K., who was then eleven (11) years old, to stay in the apartment and wait for her to return.

22. When MARYAM KHAWAJA ran up to her mother, HINA RIZVI, and

4

sister, NIMRA KHAWAJA, her sister told her that their brother had been shot.

23. MARYAM KHAWAJA then asked the officers, "What is going on?"

24. MARYAM KHAWAJA never got a response.

25. NIMRA KHAWAJA called for an ambulance for her brother herself because no ambulance was on the scene when she arrived and none came for approximately more than fifteen minutes.

26. Before the ambulance finally came, HINA RIZVI, NIMRA KHAWAJA, and MARYAM KHAWAJA could see Mr. Ali standing by a car while he was held by a police officer.

27. Despite being shot in the chest, Mr. Ali was dangerously handcuffed behind his back.

28. At that time, a bullet was lodged in Mr. Ali's chest, near his heart and other vital organs.

29. The officers pushed Mr. Ali face down on the hood of a car, despite the fact that he had a bullet in his chest.

30. HINA RIZVI, NIMRA KHAWAJA and MARYAM KHAWAJA looked on in horror as the police manhandled their brother and son, desperately in fear for Mr. Ali's very life.

31. When none of the police officers would give them information about Mr. Ali, NIMRA KHAWAJA decided to try to make a video of the scene.

32. Several officers approached NIMRA KHAWAJA, pushed her, forcefully grabbed her, and then grabbed and threw her cell phone.

33. NIMRA KHAWAJA was then forcefully pushed on her chest by NEW YORK CITY POLICE OFFICER BRIAN POST, causing her to fall backwards onto the snowy

5

ground.

34. NIMRA KHAWAJA was then forcefully turned around on the ground by NEW YORK CITY POLICE OFFICER BRIAN POST, while at least two other officers surrounded her.

35. NEW YORK CITY POLICE OFFICER BRIAN POST then forcefully slammed NIMRA KHAWAJA's face into the ground.

36. NEW YORK CITY POLICE OFFICER BRIAN POST then began to shovel snow into a mound in front of her face and then shoved snow directly into her mouth.

37. As the result of NEW YORK CITY POLICE OFFICER BRIAN POST's shoving snow in her mouth, NIMRA KHAWAJA could not breathe.

38. At that moment, she felt like she was going to die.

39. In a desperate attempt to breathe, NIMRA KHAWAJA somehow managed to turn her head and said, "I can't breathe."

40. In response to her statement that she could not breathe, NEW YORK CITY POLICE OFFICER BRIAN POST repeated his action and forcefully pushed NIMRA KHAWAJA's face directly into the snowy ground again.

41. None of the other police officers intervened to stop NEW YORK CITY POLICE OFFICER BRIAN POST.

42. NIMRA KHAWAJA was then handcuffed tightly behind her back while she was on the ground.

43. NIMRA KHAWAJA was placed in a sitting position in the snow, without her shoes on, where she remained for approximately more than fifteen minutes.

44. As a direct result of NEW YORK CITY POLICE OFFICER BRIAN

POST's use of unnecessary and excessive force against NIMRA KHAWAJA, NIMRA KHAWAJA's two front teeth were chipped and her mouth was severely bruised.

45. NIMRA KHAWAJA also suffered bruises and cuts to her arms and legs.

46. HINA RIZVI was near her daughter NIMRA KHAWAJA, but was kept separated from her by the police.

47. NIMRA KHAWAJA asked her sister MARYAM KHAWAJA if she could get her boots that had come off when she was running.

48. The police would not allow MARYAM KHAWAJA to go near her sister; they blocked NIMRA KHAWAJA from MARYAM KHAWAJA and would not let her give NIMRA KHAWAJA her boots.

49. MARYAM KHAWAJA was followed by one of the police officers.

50. M.K. called MARYAM KHAWAJA because MARYAM KHAWAJA had been gone for approximately twenty minutes.

51. MARYAM KHAWAJA told her eleven year old sister that their brother had been hurt.

52. MARYAM KHAWAJA asked the officer who was following her if she could get her sister who was only eleven years old as she was home alone in the apartment.

53. The police officer said, "No," asked her for the apartment number, and then sent two police officers to get M.K.

54. MARYAM KHAWAJA was then handcuffed and placed in a police car.

55. HINA RIZVI was also handcuffed and placed in a different police car.

56. NIMRA KHAWAJA was also handcuffed and placed in another different police car.

7

57. When M.K. was brought out of their apartment by the two police officers, she asked to go to her mother, HINA RIZVI.

58. M.K. also asked the police about her brother.

59. The police did not take her to her mother, HINA RIZVI.

60. The police did not answer her questions about her brother.

61. M.K. was placed directly into a different police car, separated from her mother and two sisters, and taken to the 107th Precinct.

62. M.K. was placed in a room in the precinct with officers coming in and out.

63. M.K. asked about her mother and was not told that she was in the same precinct, but was told that she was fine.

64. M.K. was not told anything about her two sisters, neither their condition nor their whereabouts.

65. M.K. remained in the room in the police precinct, without being able to see her mother or sisters, for approximately ten hours.

66. NIMRA KHAWAJA was placed in a cell in the 107th precinct, separated from her mother and sisters.

67. NIMRA KHAWAJA was released from the precinct after about ten hours.

68. HINA RIZVI was placed in a cell at the 107th precinct, separated from her young daughters who were approximately 11, 19 and 22 at the time of the incident.

69. HINA RIZVI was released from the precinct after about ten hours.

70. MARYAM KHAWAJA was placed in a cell in the 107th precinct that had a horrible bathroom in the cell.

71. MARYAM KHAWAJA was released from the precinct after about ten

hours.

72. HINA RIZVI, NIMRA KHAWAJA and MARYAM KHAWAJA all received summonses for Disorderly Conduct, P.L. § 240.20(6).

73. The charges were all eventually dismissed.

**FIRST CAUSE OF ACTION**

**VIOLATION OF CONSTITUTIONAL RIGHTS
PURSUANT TO THE FOURTH AND FOURTEENTH AMENDMENTS
TO THE UNITED STATES CONSTITUTION AND 42 U.S.C § 1983
THE EXCESSIVE USE OF FORCE**

**(Defendant NEW YORK CITY POLICE OFFICER BRIAN POST and other JOHN DOE defendant NEW YORK CITY POLICE OFFICERS)**

**(Plaintiff NIMRA KHAWAJA)**

74. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-73 of this complaint, as though fully set forth herein.

75. On the 5th day of January, 2014, at a time after approximately 4:30 p.m., on Wexford Terrace, nearer to Midland Parkway, in the County of Queens, City and State of New York, defendant NEW YORK CITY POLICE OFFICER BRIAN POST, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force that was objectively unreasonable against plaintiff NIMRA KHAWAJA, thereby violating the plaintiff's Constitutional rights.

76. As a result of the aforementioned conduct of defendant NEW YORK CITY POLICE OFFICER BRIAN POST and other NYC defendant police officers, the plaintiff NIMRA KHAWAJA was subjected to excessive force and sustained physical injuries to her body, mouth, face, arms and legs, as the result of the actions set forth above, as well as emotional injuries and was

9

otherwise harmed, damaged and injured.

## SECOND CAUSE OF ACTION

### VIOLATION OF CONSTITUTIONAL RIGHTS
### DEPRIVATION OF LIBERTY through FALSE ARREST and IMPRISONMENT
### NEW YORK CITY POLICE OFFICERS O'NEIL AND COLON

#### (All Plaintiffs)

77. Plaintiffs incorporate by reference each preceding paragraph of this complaint as if fully set forth herein and further alleges as follows:

78. The actions of the defendants NEW YORK CITY POLICE OFFICER ROBERT O'NEIL AND DANIEL COLON and the other NYC JOHN DOE police officer defendants, all member of New York City Police Department, and acting under color of state law, in seizing and arresting the plaintiffs, HINA RIZVI, NIMRA KHAWAJA and MARYAM KHAWAJA, and infant M.K. (who was not charged with any violation of the criminal law), without probable cause, was done intentionally, maliciously, and with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious harm, pain and suffering, and deprived each of the plaintiffs of rights and privileges under the laws and Constitution of the United States, in particular the right to be secure in their persons and free from false arrest and false imprisonment based upon an unlawful seizure and search of each of the plaintiffs.

79. Each of the plaintiffs who were charged with Disorderly Conduct, HINA RIZVI, NIMRA KHAWAJA and MARYAM KHAWAJA, was wholly innocent of the criminal charges brought against them. M.K. was also wholly innocent of any wrongdoing. By these

actions, these individual defendants deprived the plaintiffs of liberty and freedom, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Sections 1983, for which the defendants are individually liable.

80. As a result of the foregoing, each of the plaintiffs was deprived of their liberty for a period of approximately ten (10) hours, and were otherwise harmed, damaged and injured.

### THIRD CAUSE OF ACTION

### VIOLATION OF CONSTITUTIONAL RIGHTS
### PURSUANT TO THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS
### TO THE UNITED STATES CONSTITUTION AND 42 U.S.C § 1983
### FAILURE TO INTERCEDE TO PREVENT THE EXCESSIVE USE OF FORCE

**(Defendants JOHN DOE (1-5)**

**(Plaintiff NIMRA KHAWAJA)**

81. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-80 of this complaint, as though fully set forth herein.

82. On the 5th day of January, 2014, at a time after approximately 4:30 p.m., on Wexford Terrace, nearer to Midland Parkway, in the County of Queens, had the opportunity to intercede on behalf of the Plaintiff NIMRA KHAWAJA to prevent the other defendant officers from using gratuitous, unnecessary, unreasonable excessive force and to prevent the unlawful and unreasonable seizure of the person of plaintiff, either prior to and/or during the assault of the Plaintiff NIMRA KHAWAJA, but failed to do so, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

83. Each one of the JOHN DOE defendants had an affirmative duty to enforce the law and preserve the peace, including by stopping other police officers from violating the law.

Their failure to do so makes them liable for the constitutional violations of the Fourth and Fourteenth Amendments of the United States Constitution.

84. By reason of the aforesaid, the plaintiff NIMRA KHAWAJA suffered great physical damage, conscious pain and suffering, physical, mental, emotional and was otherwise harmed, damaged and injured.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TOTHE FOURTH AND FOURTEENTH AMENDMENTS TO THE
UNITED STATES CONSTITUTION AND 42 U.S.C § 1983**

**(Defendant CITY OF NEW YORK)**

**(All Plaintiffs)**

85. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-84 of this complaint, as though fully set forth herein.

86. At all times material to this complaint, defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers and sergeant.

87. The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-84 deprived plaintiffs of their rights, privileges and immunities under the laws and Constitution of the United States secured to plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983. Plaintiffs were deprived of their rights to be free from the unnecessary and excessive use of force and to the unjustified deprivation of their liberty and due process under the law.

88. At all times material to this complaint, the defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers, including the defendant police officers and other police officers in the 107th Precinct Command, with regard to the rights of citizens, thereby causing the defendant officers in this case to engage in the unlawful conduct described above.

89. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased police officers from their duties.

90. Defendant CITY OF NEW YORK, and the New York City Police Department, knew or should have known that prior to January 5, 2014, the use of unnecessary and excessive force and other malicious, and inappropriate unlawful acts by defendant officers, including NEW YORK CITY POLICE OFFICERS BRIAN POST, ROBERT O'NEIL and DETECTIVE DANIEL COLON were occurring, and there may have been complaints of such unlawful conduct by the particular individual officers named in this lawsuit, but defendant CITY OF NEW YORK failed to take appropriate steps to discipline or seriously punish such unlawful acts, thereby encouraging the continuance of the excessive use of force and the unlawful deprivation of liberty by refusing to address the problem in any meaningful way.

91. On information and belief, the defendant CITY OF NEW YORK failed to effectively screen, hire, train, supervise and discipline its police officers and employees,

including the defendant police officers and employees herein, for among others things: to screen, hire, train and supervise officers for their ability to respond to civilians with courtesy, professionalism and respect, to discipline officers for their propensity to disregard constitutional rights, and for their failure to protect citizens from unconstitutional conduct of other police officers and employees, thereby permitting and allowing the defendant police officers and employees herein to be in a position to maliciously and unreasonably use excessive force against the Plaintiff NIMRA KHAWAJA and to unlawfully deprive all of the Plaintiffs of their liberty and otherwise cause all Plaintiffs to suffer harm, damage and other injuries and to violate their federal constitutional rights, and/or to permit these actions to take place.

92.  On information and belief, the defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its police officers and employees, and failed to create proper means of containing such risk and managing such stress.  Inter alia, the structure was deficient, at the time of selection of police officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police departments about the performance of individual police officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large.  The effect of this was to permit police officers to function at levels of significant and substantial risk to the public in general.

93.  At all times material to this complaint, the defendant NYC, acting through New York City Police Department, had in effect de facto policies, practices, and customs that were a direct and proximate cause of the unconstitutional conduct of defendants POST AND

O'NEIL AND COLON, and all the JOHN DOE Defendants. These de facto policies, practices and customs include, inter alia: the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control police officers engaged in the excessive and unjustified use of force, particularly those police officers who are repeatedly accused of such acts; and, the police code of silence wherein police officers regularly cover-up police use of excessive and unjustified force by telling false and incomplete stories, or by failing to report the use of excessive and unjustified force by police officers.

94. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

95. These policies, practices and customs include, inter alia, the use of unnecessary and excessive force in making arrests, unlawfully arresting and confining innocent people at the scene of various crimes, the bringing of false charges to cover the use of such unnecessary and excessive force and the acceptance of such unlawful behavior by the supervisors and fellow officers, in violation of the plaintiffs' rights as stated above.

96. As a result of the foregoing, the Plaintiff NIMRA KHAWAJA sustained great physical injury, and all the Plaintiffs suffered conscious pain and suffering, mental and emotional injuries and were otherwise harmed, damaged and injured.

# FOR A FIFTH CAUSE OF ACTION

## FALSE ARREST/FALSE IMPRISONMENT

### Defendants O'NEIL AND COLON AND JOHN DOE DEFENDANTS

### (All Plaintiffs)

97. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-96 of this amended complaint, as though fully set forth herein.

98. By the actions set forth above, defendants O'NEIL AND COLON and JOHN DOE DEFENDANTS, each acting individually and in concert with each other, falsely imprisoned all the Plaintiffs for approximately ten (10) hours, and falsely arrested Plaintiffs HINA RIZVI, NIMRA KHAWAJA and MARYAM KHAWAJA, without reasonable or probable cause, illegally and without a valid warrant, and without any right or authority to do so.

99. The defendants intended to confine all the Plaintiffs; all the Plaintiffs were conscious of their confinement; all the Plaintiffs did not consent to the confinement; and the confinement was not otherwise privileged.

100. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the Plaintiffs and violated the Plaintiffs' statutory and common-law rights as guaranteed Plaintiffs by the laws and Constitution of the State of New York.

101. As a direct and proximate result of the acts of defendants, all the Plaintiffs were wrongfully deprived of their physical liberty, sustained great emotional injuries, endured great mental anguish and suffering, and were otherwise harmed, damaged and injured. The acts and conduct of defendants were so outrageous that the plaintiff also seeks punitive and exemplary damages.

## FOR A SIXTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF MENTAL AND EMOTIONAL DISTRESS
**(All Defendants)**

**(All Plaintiffs)**

102.   Plaintiffs repeat and re-allege the allegations contained in paragraphs 1-101 of this complaint, as though fully set forth herein.

103.   By the actions described above, all defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, as it exceeded all reasonable bounds of decency, was perpetrated with malice or recklessness, and with the desire to cause severe emotional distress to plaintiffs, and did in fact cause such severe emotional distress, and was perpetrated under circumstances known to defendants which made it substantially certain that that result would follow, or if recklessly, with utter disregard of the consequences that might follow, in violation of the plaintiffs' statutory and common law rights as guaranteed plaintiffs by the laws and Constitution of the State of New York and which intentionally, maliciously or recklessly caused severe emotional distress to all the plaintiffs.

104.   The acts and conduct of defendants were the direct and proximate cause of injury and damage to all the plaintiffs, HINA RIZVI, HINA RIZVI on behalf of M.K. and MARYAM KHAWAJA, and violated the plaintiffs' statutory and common law rights as guaranteed plaintiffs by the laws and Constitution of the State of New York.

105.   As a result of the foregoing, the plaintiffs HINA RIZVI, HINA RIZVI on behalf of M.K. and MARYAM KHAWAJA sustained great emotional injuries, and were otherwise harmed, damaged and injured.

## FOR A SEVENTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF MENTAL AND EMOTIONAL DISTRESS
### (All Defendants)
### (All Plaintiffs)

106. The plaintiffs repeat and re-allege the allegations contained in paragraphs 1-105, as though fully set forth herein.

107. By the actions described above, all the defendants, acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently inflicted severe mental and emotional distress on all the plaintiffs, failing all sense of fairness, decency and professionalism.

108. The acts and conduct of defendants were the direct and proximate cause of injury and damage to all the Plaintiffs and violated Plaintiffs' statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

109. As a result of the foregoing, all the Plaintiffs sustained great emotional injuries, and were otherwise harmed, damaged and injured.

## FOR AN EIGHTH CAUSE OF ACTION

### NEGLIGENT HIRING, SCREENING, RETENTION,

### SUPERVISION AND TRAINING
### (Defendant CITY OF NEW YORK)

### (All Plaintiffs)

110. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1-109 of this complaint, as though fully set forth herein.

111. The defendant CITY OF NEW YORK negligently hired, screened, retained,

supervised and trained all the individually named and JOHN DOE defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to all the plaintiffs and violated the plaintiffs' statutory and common law rights as guaranteed by the laws and Constitution of the State of New York, and as defendant CITY OF NEW YORK is the employer of each defendant, the CITY OF NEW YORK is liable to plaintiffs for negligent hiring, screening, retention, supervision and training.

112.  As a result of the foregoing, all the Plaintiffs sustained great emotional injuries, and were otherwise harmed, damaged and injured.

**WHEREFORE,** Plaintiffs request the following relief:

a. Compensatory damages in an amount to be determined by the jury;

b. Punitive damages in an amount to be determined by the jury;.

c. Reasonable attorneys fees and costs; and

d. Such other and further relief as appears reasonable and just.

DATED:  New York, New York
            October 23, 2015

                                                                                             s/
                                        JOANNE M. DWYER (JD9852)
                                        Attorney for Plaintiffs
                                        HINA RIZVI, HINA RIZVI on behalf of
                                        M.K., NIMRA KHAWAJA
                                        and MARYAM KHAWAJA
                                        225 Broadway
                                        41st Floor
                                        New York, NY 10007
                                        (212) 233-0591
                                        joannedwyer@aol.com

**15 CV 1900   (ARR)(RML)**

UNITED  STATES  DISTRICT  COURT

EASTERN  DISTRICT  OF  NEW YORK

HINA RIZVI, HINA RIZVI on behalf of M.K., an infant,
NIMRA KHAWAJA, and MARYAM KHAWAJA,

                                       Plaintiffs,

        -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
OFFICER BRIAN POST, Shield No. 20009, NEW YORK
CITY POLICE OFFICER ROBERT O'NEIL, Shield No. 19357,
NEW YORK CITY POLICE OFFICER DETECTIVE DANIEL
COLON, Shield No. 6691, NEW YORK CITY POLICE OFFICER
JOHN DOE (1-5), Each Defendant in his individual capacity,

                                       Defendants.

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

*JOANNE M. DWYER*
*Attorney for Plaintiffs*
*225 Broadway, 41st Floor*
*New York, N.Y.  10007*
*Tel:  (212) 233-0591*